Filed 7/28/22  P. v. Sessing CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>NATHAN GREGORY SESSING,<br><br>　　Defendant and Appellant. | 2d Crim. No. B314363<br>(Super. Ct. No. 2005009634)<br>(Ventura County) |

Nathan Gregory Sessing appeals following his resentencing on charges of special-circumstance felony murder (Pen, Code,[1] §§ 187, subd. (a), 188, 190.2), two counts of residential burglary (§ 459), and assault with a deadly weapon (§ 245, subd. (a)(1)). Sessing also admitted using a deadly weapon in committing the murder, i.e., a bat and a knife (§ 12022, subd. (b)(1)), and the jury found true an allegation that he personally inflicted great bodily injury on the assault victim (§ 12022.7).

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Sessing, who committed his crimes in 2006 shortly before he turned 18, was initially sentenced to life in state prison without the possibility of parole plus a determinate term of 8 years and 4 months. We subsequently affirmed his conviction on appeal. In 2017, he filed a habeas petition in this court requesting resentencing pursuant to *Miller v. Alabama* (2012) 567 U.S. 460 [183 L.Ed.2d 407], which established the punishment for crimes committed when an individual is under the age of 18 must include a possibility of parole. We issued an order to show cause returnable to the trial court.

In 2018, while Sessing's resentencing was pending, he filed a habeas petition in the trial court seeking a juvenile court transfer hearing pursuant to Proposition 57. The trial court granted the petition, conditionally reversed Sessing's convictions, and referred the matter to the juvenile court for a transfer hearing. Following a March 5, 2020 transfer hearing, the juvenile court found it would have transferred Sessing to adult criminal court and accordingly reinstated his convictions. Sessing filed a habeas petition in the trial court challenging the juvenile court's transfer decision. After that petition was denied, Sessing filed a habeas petition in this court. We summarily denied the petition, and the California Supreme Court denied Sessing's petition for review.

In July 2021, the trial court resentenced Sessing to 25 years to life on the murder charge plus a one-year enhancement for the weapon use allegation, plus a consecutive term of 8 years and 4 months for the assault and burglary charges. Sessing timely filed a notice of appeal from the resentencing order.

We appointed counsel to represent Sessing in this appeal. After counsel's examination of the record, he filed a brief raising no issues as contemplated in *People v. Serrano* (2012) 211

2

Cal.App.4th 496, 501 (*Serrano*). Accordingly, we proceed with this appeal pursuant to the standards set forth in *Serrano*.

We notified Sessing of his right to submit supplemental briefing on his own behalf. Sessing subsequently submitted a brief contending (1) the juvenile court's March 5, 2020 transfer order is an appealable order that may be properly challenged in these proceedings; (2) he is entitled to conduct credits under California Code of Regulations, Title 15, sections 3043.2 through 3043.5; and (3) he is entitled to a remand for resentencing in light of Assembly Bill No. 124 (AB 124) and Senate Bill No. 567 (SB 567), which went into effect while this appeal was pending.[2]

None of the claims raised in Sessing's supplemental brief present an arguable issue for review. When the juvenile court's transfer order was entered in March 2020, there was no statutory right to appeal from that order; instead, appellate review had to be obtained by petition for extraordinary writ. (Cal. Rules of Court, rule 5.770(g).) Sessing timely sought and obtained such review. Effective January 1, 2022, Welfare and Institutions Code section 801 was amended to provide in relevant part that juvenile court transfer orders "shall be subject to immediate appellate review if a notice of appeal is filed within 30 days of the order transferring the minor to a court of criminal jurisdiction." (*Id*., subdivision (a).)

Sessing is not entitled to the benefit of this new statute. Among other things, it has been over two years since the challenged transfer order was issued. Moreover, Sessing fails to demonstrate that he is entitled to direct appellate review of that order as a matter of equal protection or other constitutional right. In any event, in denying Sessing's writ petition the trial court

---

[2] Sessing also raised the first two claims in habeas petitions, which we deny in separate orders.

3

correctly found that "[t]he record reflects ample evidence supporting the [juvenile] court's transfer order."

Sessing also fails to present an arguable issue regarding his entitlement to conduct credits. Pursuant to Section 3051, subdivision (b)(3), Sessing will be eligible for parole during his 25th year of incarceration.[3] On January 1, 2022, Title 15, section 3043.5 of the California Code of Regulations was amended to provide that any award of educational merit credit (ranging from 90 to 180 days) shall be applied to advance an inmate's youth parole eligible date. As Sessing notes, the other sections relating to conduct credits available to inmates sentenced to indeterminate terms were not so amended. He claims that depriving him of these additional credits constitutes a violation of his equal protection rights.

The trial court made clear, however, that it only awarded Sessing actual custody credits and ordered the California Department of Corrections and Rehabilitation (CDCR) to calculate conduct credits. Moreover, all of the credits to which Sessing refers are subject to forfeiture for various rules violations. (Cal. Code Regs., tit. 15, §§ 3043.2, subd. (d), 3043.3, subd. (h), 3043.4, subd. (i), 3043.5, subd. (f), 3043.6, subd. (d).) It is for the CDCR to decide in the first instance the conduct credits, if any, to which Sessing is entitled.

---

[3] Section 3051, subdivision (b)(3) states: "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing . . . shall be the first day of the person's 25th year of incarceration."

4

Finally, we reject Sessing's claim that he is entitled to resentencing in light of AB 124 and SB 567, both of which went into effect on January 1, 2022. As relevant here, AB 124 creates a presumption that the trial court will impose the low term under enumerated circumstances, such as when the perpetrator was under the age of 25 and their youth was a contributing factor in their commission of the offense. (Stats. 2021, ch. 695, § 5.3; § 1170, subd. (b)(6)(8).) The low term need not be imposed, however, if "the court finds that the aggravating circumstances outweigh the mitigating circumstances [and] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) SB 567, as relevant here, limits the court's ability to impose an upper term sentence unless it is based on aggravating circumstances that have been either stipulated to by the defendant or found true beyond a reasonable doubt in a jury or court trial. (§ 1170, subd. (b)(1) & (2).)

These recent statutory changes apply retroactively to this case. (See, e.g., *People v. Garcia* (2022) 76 Cal.App.5th 887, 902; *People v. Flores* (2022) 75 Cal.App.5th 495, 520.) We conclude, however, that a remand for resentencing is not required. "'[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless." (*Flores*, at p. 521 [holding error in imposing upper term following enactment of Senate Bill No. 567 harmless beyond a reasonable doubt]; see also *People v. Osband* (1996) 13 Cal.4th 622, 728 [single aggravating factor is sufficient to support an upper term].)

In imposing the upper term on the assault count, the court found "the crime involves great violence at a high degree of cruelty, viciousness and callousness under Rule 4.421. Court

5

finds no mitigating circumstances." In light of the evidence, any reasonable trier of fact would have found this aggravating circumstance true beyond a reasonable doubt. As to the middle term imposed on the burglary counts, it is also clear the court would have found "that the aggravating circumstances outweigh the mitigating circumstances [and] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

Because Sessing's supplemental brief does not present an arguable issue on appeal from the trial court's June 22, 2021 resentencing order, we dismiss the appeal as abandoned. (*People v. Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

6

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.